[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR ADDITUR
While driving her car on June 3, 1997, the plaintiff Janet Petersen was struck from behind by a car driven by the defendant Sean Gorman. The plaintiff filed this action claiming money damages for personal injuries. The case was tried to a jury, who returned a verdict for the plaintiff in the amount of $4055.35 in economic damages and $0 in noneconomic damages. The plaintiff has filed a motion for additur or, in the alternative for a new trial, on the grounds that the jury verdict, which awarded the full amount of the claimed economic damages for her medical expenses, is inadequate as a matter of law.
The plaintiff relies principally on the case of Schroeder v. TriangulumAssociates, 259 Conn. 325 (2002), which set aside a jury verdict in a case in which a jury awarded that plaintiff who had spinal fusion surgery his full share of economic damages but no non-economic damages. The defendant counters with the argument that the case of Wichers v. Hatch,252 Conn. 174 (2000), is more nearly analogous to the current fact pattern and that, under the Wichers rationale, judgment should be entered on the current verdict.
The plaintiff sought diagnostic treatment at a hospital emergency room directly after the rear end collision of June 3, 1997. The x-rays taken at the time disclosed a moderate preexisting arthritic condition of the cervical spine. The plaintiff went for treatment twice to her family doctor and then for a period of months to a chiropractor. In the four years immediately preceding trial, the plaintiff had sought no treatment for any injuries or pain connected with this automobile accident. Ten days after the accident, the plaintiff filed papers in connection with an unemployment compensation claim indicating she was able to work. She took a new job as a waitress about one month after the accident. CT Page 6102
While the plaintiff characterizes the evidence of injury presented by the plaintiff as "uncontroverted," the nature and extent of the plaintiff's injuries were hotly disputed, as was the issue of whether any pain and suffering was caused by the auto accident, as opposed to the underlying but previously undiagnosed arthritis. The jury is not bound to accept uncontroverted evidence as fact.
The jury could have found that the evidence was sufficient to award the expenses of treatment because the expenses were reasonable and necessary and causally related to the 1997 accident, but that the evidence was insufficient to establish that the plaintiff suffered a permanent disability or that she ever felt any substantial pain.
The holding of Wichers v. Hatch, supra, that there is no per se rule that a jury must award non-economic damages when it awards economic damages, applies to this case. The court must evaluate each such jury verdict on a case-by-case basis. Id. This court finds no reason to substitute its judgment for that of the jury in awarding damages to the plaintiff.
The Motion for Additur is denied.
Patty Jenkins Pittman, Judge